```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF CONNECTICUT

Anthony Dyous,                       :

     Plaintiff,                      :

v.                                   : Case No. 3:16-cv-283(RNC)

Psychiatric Security Review          :
Board                                :

     Defendant.                      :
```

## RULING AND ORDER

Plaintiff brings this action against the State of Connecticut Psychiatric Security Review Board ("the Board") seeking a declaratory judgment that his confinement at Whiting Forensic Division of Connecticut Valley Hospital violates the Due Process and Equal Protection Clauses of the Fourteenth Amendment. He submits that (1) since his commitment to Whiting, he has been convicted of a crime in state court after being found competent to assist in his defense; (2) inmates who are similarly situated are released at the completion of their prison sentences; and (3) his continued confinement at Whiting is not authorized by any valid state statute. The Board has moved to

1

dismiss the action arguing that under controlling precedent plaintiff's exclusive federal remedy is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  I agree with the Board's argument and therefore grant the motion.

I. Background

On March 22, 1985, following a criminal trial in Connecticut Superior Court, plaintiff was found not guilty by reason of mental disease or defect and committed him to the Department of Mental Health for a period not to exceed 25 years.  His commitment was due to expire on March 21, 2010.  However, on March 19, 2010, the State petitioned to continue his confinement with the support of the Board.  The Superior Court ordered plaintiff's commitment to continue for an additional three years.  Pursuant to that order, the commitment was due to expire on March 18, 2013.

On April 26, 2010, an acquittee at Whiting complained that plaintiff had struck him with a radio.  As a result of the complaint, the State charged plaintiff with criminal assault.  The Connecticut

Superior Court found him competent to assist in his defense, convicted him of assault in the third degree and gave him a suspended sentence of one year.  He was then returned to Whiting.

On April 24, 2012, the State again petitioned to continue plaintiff's confinement with the support of the Board.  On March 18, 2013, the Superior Court ordered that plaintiff's commitment continue until March 18, 2018.  The Connecticut Appellate Court affirmed.  State v. Dyous, 153 Conn. App. 266, 100 A.3d 1004 (2014).  The Connecticut Supreme Court granted certification to appeal, received briefs and heard argument, then ruled that the petition for certification had been "improvidently granted."  State v. Dyous, 320 Conn. 176, 128 A.3d 505 (2016).

Prior to bringing the present action, plaintiff filed a petition for writ of habeas corpus in state court seeking immediate release from Whiting.  In 2014, the petition was denied. Dyous v. Rehmer, Docket No. CV10-4012049-S, 2014 WL 3805582 (Conn. Super. Ct. June 26, 2014).  The judgment was recently affirmed by the

3

Connecticut Supreme Court.  <u>Dyous v. Commissioner of Mental Health and Addiction Services</u>, 324 Conn. 163 (2016).

II. <u>Discussion</u>

In <u>Preiser v. Rodriquez</u>, the Supreme Court held that when a state prisoner challenges the fact or duration of his imprisonment and the relief he seeks is a determination that he is entitled to release, his sole federal remedy is a writ of habeas corpus after exhausting available state court remedies.  411 U.S. 475, 500 (1973).  Lower federal courts have consistently held that the Declaratory Judgment Act may not be used as a substitute for habeas corpus.  See <u>Benson v. State Bd. of Parole & Prob.</u>, 384 F.2d 238, 239-40 (9th Cir. 1967); <u>Jackson v. Scalia</u>, 780 F. Supp. 2d 81, 83 (D.D.C. 2011); <u>Laird v. Mackay</u>, No. 10-396-MO, 2010 WL 3585199 (D. Ore. September 9, 2010); <u>Hill v. State of Tennessee</u>, 465 F. Supp. 789, 789 (E.D. Tenn. 1978); <u>Hogan v. Lukhard</u>, 351 F. Supp. 1112, 1113-14 (E.D. Va. 1972).

Plaintiff argues that this action is not barred by

Preiser because he is seeking declaratory relief rather than release from confinement.  If plaintiff were to prevail, however, he would rely on the judgment to gain release prior to the expiration of his current commitment.  Thus, his request for declaratory relief is tantamount to seeking relief from confinement for purposes of Preiser.  See Murphy v. Travis, 36 F. App'x 679, 681 (2d Cir. 2002)(claim for mandatory injunction requiring state to provide plaintiff with de novo parole release hearing was tantamount to seeking relief from confinement and thus barred by Preiser).

III.  Conclusion

Accordingly, the motion to dismiss is hereby granted.

So ordered this 25th day of January 2017.

                                    /s/RNC
                              Robert N. Chatigny
                         United States District Judge